DECISION AND JUDGMENT ENTRY
{¶ 1} This is a state appeal from a judgment of the Lucas County Court of Common Pleas, which, on January 28, 2005, granted the motion to suppress filed by appellee, Filemon Loza-Gonzalez. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} On March 11, 2004, appellee was indicted on one count of money laundering, a third degree felony and one count of possessing criminal tools, a fifth degree felony. Appellee argued in his motion to suppress that the initial traffic stop of his vehicle which ultimately led to a search of his vehicle and his arrest was unlawful. A suppression hearing commenced on May 28, 2004.
 {¶ 3} Trooper Alejo Romero of the Ohio State Highway Patrol testified that he was on duty in Monclova Township, Lucas County, Ohio on February 20, 2004. At approximately 3:17 p.m., Trooper Romero was parked on a crossover on Interstate 80 when he observed appellee drive by in a White Ford Explorer. Romero testified he took note of the vehicle because it was closely following a semitractor trailer, in the right lane, during a rainstorm. Romero thought it was odd that appellee did not try to pass the semitractor trailer. Romero testified that he also attached some significance to the fact that the vehicle was a white sport utility vehicle because the Highway Patrol had recently seized approximately six white sport utility vehicles in a row for various crimes including possession of drugs or possession of criminal tools. He further took note of the fact that the Ford Explorer had an Illinois license plate and a plastic license plate cover over the plate. Romero acknowledged that appellee was driving within the speed limit.
 {¶ 4} After appellee drove by Trooper Romero, Romero pulled out of the crossover and pursued appellee in the left lane. He testified that his intent was to stop appellee for the traffic violation of following another vehicle too closely, a violation of R.C. 4511.34. As he got close to appellee, appellee pulled into the left lane and began to pass the semitractor trailer. Once appellee moved into the left lane, Romero activated his overhead lights. Appellee continued to pass the semitractor trailer and moved into the right lane. Romero pulled in behind appellee with his overhead lights still activated. When appellee failed to stop, Romero pulled into the left lane next to appellee, activated his siren and motioned appellee to pull over. At that point, appellee stopped his vehicle. Appellee explained to Romero that he initially thought that Romero was attempting to pull over another vehicle.
 {¶ 5} Romero testified that the State Highway Patrol endorses a rule that "a vehicle should maintain a distance of approximately a car length for every ten miles per hour in speed." As an example, he explained that someone driving 60 mph, as appellee was, should maintain a distance of six car lengths from the vehicle ahead. Romero testified that appellee was only a car length and a half away from the semitractor and that the violation of following too closely was only magnified by the fact that the pavement was wet.
 {¶ 6} Also admitted into evidence was a videotape of the pursuit and the stop that was recorded from inside Romero's patrol car. In granting appellee's motion to suppress, the trial court cited the elements of R.C.4511.34 which states:
 {¶ 7} "The operator of a motor vehicle, streetcar, or trackless trolley shall not follow another vehicle, streetcar, or trackless trolley more closely than is reasonable and prudent, having due regard for the speed of such vehicle, streetcar, or trackless trolley, and the traffic upon and the condition of the highway."
 {¶ 8} The trial court, paying special attention to the videotape, stated in its decision:
 {¶ 9} "[W]e know that the trooper testified that the defendant's SUV `maintained the same following distance' behind the semitractor trailer, which the trooper stated was one and one half car lengths, yet the camera captures the SUV operated by the defendant at a far greater distance from the semitractor trailer as the SUV commences to move into the left lane to pass the obviously slower moving semitractor trailer."
 {¶ 10} The trial court took further note of the fact that appellee did not exceed the speed limit and that the video showed that appellee properly signaled each time he changed lanes. The trial court concluded that:
 {¶ 11} "[t]he evidence failed to establish that * * * the defendant followed the semitractor trailer more closely than was reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon the condition of the highway * * * Trooper Romero did not have reasonable and articulable suspicion of a violation pursuant to R.C.4511.34 to justify the traffic stop and subsequent detention of defendant and search of his vehicle."
 {¶ 12} Appellant, the state of Ohio, now appeals the above decision, setting forth the following assignment of error:
 {¶ 13} "The trial court erred when it determined that Trooper Romero did not have probable cause to initiate a traffic stop of the defendant for a `following too close' violation."
 {¶ 14} The Fourth Amendment to the United States Constitution and Section 4, Article I of the Ohio Constitution prohibit unreasonable seizures of persons or property. In order to make an investigatory stop of a vehicle, a law enforcement officer must merely have reasonable articulable suspicion that an offense has been committed, not probable cause. State v. Bobo (1988), 37 Ohio St.3d 177, paragraph two of the syllabus. "Reasonable suspicion means the officer `must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion [or stop].'Bobo at 178, citing Terry v. Ohio (1968), 392 U.S. 1, 20-21, 88 S.Ct. 1868,20 L.Ed.2d 889." State v. Hodge (2002), 147 Ohio App.3d 550, 554,2002-Ohio-3053, ¶ 11.
 {¶ 15} When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of a witness.State v. Mills (1992), 62 Ohio St.3d 357. Consequently, in its review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592, 594.
 {¶ 16} Appellant in this case takes issue with the trial court's reliance on the video tape in granting appellee's motion to suppress. Specifically, appellant points out that the video tape was not activated until after Trooper Romero had witnessed the offense. Therefore, the actual offense is not captured on video. As discussed above, the trial court found that appellee maintained the same following distance both before and after the camera was activated and that the video shows appellee to be several car lengths behind the semitractor trailer as opposed to one and one half car lengths. After a thorough review of the record in this case, we find the trial court's findings to be supported by competent, credible evidence. As the evidence shows that appellee did not operate his vehicle more closely to the semitractor trailer than was reasonable and prudent, we conclude that Trooper Romero lacked a reasonable and articulable suspicion to stop appellee's vehicle. Accordingly, appellant's sole assignment of error is found not well-taken.
 {¶ 17} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed and appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J. Skow, J. Parish, J. Concur.