DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal by the state of Ohio from a judgment of the Lucas County Court of Common Pleas, which denied the state's motion for relief from judgment. For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} This is the state's second appeal in this matter. Previously, the state challenged the trial court's decision to grant a motion to suppress evidence filed by appellee, Filemon Loza-Gonzalez. On October 28, 2005, this court affirmed the trial *Page 2 
court's judgment, finding the search of the vehicle and the subsequent arrest unlawful. See State v. Loza-Gonzales, 6th Dist. No. L-05-1046,2005-Ohio-5735. The trial court also ordered the state to return the illegally seized property, a 2000 Ford Explorer and $67,487, to appellee, but stayed the order pending the appeal.
 {¶ 3} The state did not return appellee's property following the appeal. On December 5, 2005, appellee filed a motion for return of his property. On December 6, 2005, the trial court granted the motion. Although the decision was not appealed, the state failed to return the property. On December 20, 2005, appellee filed a motion to show cause. On February 13, 2006, the state filed a motion for relief from the December 6, 2005 judgment. On April 7, 2006, the trial court denied the state's motion and once again ordered the return of property to appellee. The state now challenges the decision denying its motion for relief from judgment, by leave of this court, through the following assignments of error:
 {¶ 4} "I. Where a party defendant lacks an ownership interest in an item of personal property that is in the custody of a law-enforcement agency, a trial court may not summarily order the return of the property to the defendant. Instead, the trial court must treat the property as unclaimed and order its disposition under R.C. 2933.41.
 {¶ 5} "II. Items of personal property constitute contraband and are subject to forfeiture if the state establishes by the preponderance of the evidence that they were used in a criminal offense." *Page 3 
 {¶ 6} The state's assignments of error challenge the trial court's December 6, 2005 order for the return of appellee's property. This is an appeal, however, of the trial court's decision denying the state's motion to vacate that judgment. The state's assignments of error simply state their meritorious claim in support of their motion for relief from judgment. We read the assignments of error, then, as asserting that the trial court abused its discretion in denying the motion for relief from judgment.
 {¶ 7} We review a decision on a motion for relief from judgment by an abuse of discretion standard. Strack v. Pelton (1994),70 Ohio St.3d 172, 174. The trial court may grant a motion under Civ.R. 60(B) if the movant demonstrates that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." GTEAutomatic Elec, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 8} In denying the state's motion, the trial court found that the state failed to articulate a basis for relief as stated in Civ.R. 60(B)(1) through (5). Instead, the state presented arguments regarding the return of appellee's property. The state neither challenged appellee's motion for return of the property nor appealed that order, so the trial court found these arguments untimely. The state also failed to assert any basis for entitlement to relief. Therefore, the trial court did not abuse its discretion in denying the state's motion to vacate the December 6, 2005 judgment. *Page 4 
 {¶ 9} In the alternative, and as detailed in the state's assignments of error, the state challenges the validity of the trial court's order based on lack of jurisdiction. The trial court, the state argues, acted beyond the scope of the authority provided by R.C. 2933.41[1] and2933.43[2] in ordering the property returned to appellee. The state bases this challenge on the same claims presented in support of its motion for relief from judgment.
 {¶ 10} In the state's first assignment of error, it argues that because appellee is not the owner of the property, the trial court was required to treat the property as unclaimed, pursuant to R.C. 2933.41. However, appellee does not have to prove ownership; appellee must only show that he is entitled to possession. Houpt v. City of Berea (Dec. 14, 2000), 8th Dist. No. 76917. Even though appellee was not the titled owner of the vehicle at the time of seizure, and appellee initially denied ownership of the money, he still has a superior claim to possession over the state. *Page 5 
 {¶ 11} Furthermore, appellee is only required to prove entitlement to possession if the "government meets its burden of showing a lawful seizure[.]" Houpt, supra. There was no lawful seizure here. Instead, the state seized the property unlawfully, and made no effort to identify a true owner pursuant to R.C. 2933.41. While appellee initially disclaimed ownership of the money, he never disclaimed his right to possession of the vehicle. Thus, the unlawful seizure from appellee means that the state is a trespasser to the property. Houpt. Appellee's claim to the property is superior as possessor of the vehicle and the one entitled to "find" the cash hidden within. See id. (illegal seizure of a vehicle does not create superior possessory interest over the one dispossessed). The state's first assignment of error is not well-taken.
 {¶ 12} In the state's second assignment of error, it argues that the trial court exceeded its authority in ordering contraband returned to appellee. Contraband is any property, in and of itself illegal to possess, or property determined to be contraband based on its connection to a criminal offense. See R.C. 2901.01(A)(13)(a)-(k), 2933.43(C). There is nothing inherently illegal in possessing a vehicle or cash. SeeOne 1958 Plymouth Sedan v. Pennsylvania (1965), 380 U.S. 693, 699
("There is nothing even remotely criminal in possessing an automobile."); State v. Roberts (1995), 102 Ohio App.3d 514, 518 ("Mere possession of cash is not unlawful."). Thus, the property is not contraband per se.
 {¶ 13} The property is also not derivative contraband because the state failed to demonstrate that the property had any connection to a criminal offense. See e.g. State v. Ali *Page 6 
(1997), 119 Ohio App.3d 766, 770 ("Because the $15,000 was never linked to an underlying criminal offense, we cannot agree that the state proved by a preponderance of the evidence that the money was contraband.") Furthermore, the Fourth Amendment protections against illegal search and seizure extend to a forfeiture proceeding. See One 1958 PlymouthSedan, 380 U.S. at 696.
 {¶ 14} The state cannot circuitously use the illegally seized property to establish the underlying criminal act, in order to support forfeiture of the illegally seized property. In this case, the state offered no other evidence (independent of the illegal search) to link the property to a criminal act and support forfeiture. See contra United States v.Eighty-Eight Thousand, Five Hundred Dollars (C.A.8, 1982), 671 F.2d 293,296-297 (upheld forfeiture of cash arising from an illegal search since the state established, through independent evidence, that the cash was used to commit a crime).
 {¶ 15} Without independent evidence, the state alternatively argues that a vehicle, modified with a hidden storage compartment, is inherently criminal based on the prevalence of such modifications for use in the drug trade. However, the presence of a secret compartment, without more, does not make possession of the vehicle criminal. See e.g.United States v. Maltais (C.A.8, 2005), 403 F.3d 550, 554-555 (the secret compartment was just one fact among a "constellation of facts" providing the officer with reasonable, articulable suspicion to detain the driver); People v. Conception (1997), 655 N.Y.S.2d 921, 925-926 (the compartment, a recognized car trap which could only be *Page 7 
opened by the performance of a complex protocol, could enhance the arresting officer's "predicate for arrest" where it was "supported by something more than mere guesswork").
 {¶ 16} The vehicle is not contraband per se, and the state offered no evidence, untainted by the illegal search, to show that the vehicle or the cash were used in commission of a crime. See United States v. One(1) 1971 Harley-Davidson Motorcycle Serial #4A25791H1 (C.A.9, 1974),508 F. 2d 351, 352 (where there is independent evidence supporting forfeiture, deterrence is not really an issue for contraband seized "in violation of the possessor's Fourth Amendment rights" since the property would be returned only to be seized again lawfully). Accordingly, the trial court did not abuse its discretion when it denied the state's motion for relief from judgment, and the state must return the vehicle and the $67,487 to appellee. The state's second assignment of error is not well-taken.
 {¶ 17} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant, the state of Ohio, is ordered to pay costs of this appeal pursuant to App.R.24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., and Thomas J. Osowik, J., concur.
[1] R.C. 2933.41(A)(1) provides:
"Any property, other than contraband * * * that has been lost, abandoned, stolen, seized pursuant to a search warrant, or otherwise lawfully seized or forfeited, and that is in the custody of a law enforcement agency shall be kept safely pending the time it no longer is needed as evidence and shall be disposed of pursuant to this section."
[2] R.C. 2943.43(C) provides:
"* * * Any property seized because of its relationship to an underlying criminal offense or administrative violation shall be returned to its owner if charges are not filed in relation to that underlying offense or violation within thirty days after the seizure, if charges of that nature are filed and subsequently are dismissed, or if charges of that nature are filed and the person charged does not plead guilty to and is not convicted of the offense or does not admit and is not found to have committed the violation." *Page 1