[Cite as *State v. Ward*, 2011-Ohio-1261.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :          Case No.   10CA30


    vs.                                 :


JEFFREY WARD,                           :          DECISION AND JUDGMENT ENTRY


    Defendant-Appellant.                :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:        Chandra L. Ontko, 665 Southgate Parkway, Cambridge,
                              Ohio 43725

COUNSEL FOR APPELLEE:         Mark C. Sleeper, Marietta City Assistant Law Director, 301
                              Putnam Street, Marietta, Ohio 45750

_____

CRIMINAL APPEAL FROM MUNICIPAL COURT
DATE JOURNALIZED: 3-14-11

ABELE, J.

{¶ 1}   This is an appeal from a Marietta Municipal Court judgment that overruled the

motion to suppress evidence filed by Jeffrey Ward, defendant below and appellee herein.

{¶ 2}   Appellant raises the following assignment of error for review:

> "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE
> DEFENDANT BY DENYING THE DEFENDANT'S MOTION
> TO SUPPRESS EVIDENCE."

{¶ 3}   On February 28, 2010, Ohio State Highway Patrol Trooper Eric Knowlton

observed appellant's vehicle, which was traveling at 55 m.p.h., following too closely behind the vehicle in front of him. The trooper noted the first vehicle pass a stationary object and then counted less than one second before appellant's vehicle passed the same object. The trooper then drove near appellant's vehicle and judged appellant's vehicle to be less than one car length away from the vehicle in front of him. Because Trooper Knowlton believed appellant's vehicle to be following the other vehicle more closely than was reasonable and prudent given the circumstances, in violation of R.C. 4511.34, he decided to initiate a traffic stop. Trooper Knowlton then moved his vehicle behind appellant's vehicle and activated his lights, which also activated the video camera mounted to his patrol cruiser. The video camera began to record approximately four seconds after the trooper activated his lights. Due to the four-second delay, the video does not show appellant's vehicle traveling within one car length of the vehicle in front of him.

{¶ 4} After Trooper Knowlton stopped appellant's vehicle, the trooper smelled an odor of alcohol. The trooper subsequently charged appellant with (1) operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) and (d); and (2) following a vehicle too closely in violation of R.C. 4511.34.

{¶ 5} On April 6, 2010, appellant filed a motion to suppress the evidence obtained as a result of the traffic stop. Appellant asserted that the trooper lacked reasonable suspicion that he had violated R.C. 4511.34 in order to justify the traffic stop.

{¶ 6} On April 26, 2010, the court held a hearing to consider appellant's motion to suppress. Trooper Knowlton testified that on February 28, 2010: (1) he observed appellant's vehicle following another vehicle too closely; (2) he believed appellant's vehicle was following

more closely than was reasonable and prudent given the area; (3) the distance between appellant's vehicle and the vehicle in front of it was less than one car length; (4) the cars were traveling at approximately 55 m.p.h.; (5) approximately one second elapsed between the time that the first car passed a stationary object and the time appellant's car passed the same stationary object; and (6) the general rule of thumb is to leave one car length for every ten miles per hour.

{¶ 7} The trial court verbally overruled the motion at the end of the hearing and directed the prosecutor to prepare a written entry. Appellant then filed a motion for reconsideration and noted that the prosecution had provided him with additional videotape evidence of the traffic stop. The court granted the motion to reconsider and held a further hearing to review the videotape. After viewing the videotape, the court agreed with appellant that the video did not show appellant's vehicle traveling too closely, but further found that the trooper testified that he observed appellant's vehicle traveling too closely before he had activated his camera. Thus, although the trooper did not catch the actual violation on his camera, the court did not find the absence of video evidence to support the trooper's testimony significant. Instead, the court accepted the trooper's testimony that he observed a R.C. 4511.34 violation before the video started to record appellant's vehicle and consequently overruled the motion to suppress evidence.

{¶ 8} Appellant subsequently entered a no contest plea to the R.C. 4511.19 violation and the prosecution dismissed the R.C. 4511.34 violation. This appeal followed.

{¶ 9} In his sole assignment of error, appellant asserts that the trial court erred by overruling his motion to suppress the evidence obtained as a result of the traffic stop. In particular, he asserts that the trooper lacked reasonable suspicion that appellant had violated R.C. 4511.34 in order to justify a traffic stop.

{¶ 10} Initially, we note that appellate review of a trial court's decision regarding a motion to suppress evidence involves mixed questions of law and fact. See State v. Long (1998), 127 Ohio App.3d 328, 332, 713 N.E.2d 1. When ruling on a motion to suppress evidence, a trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate the witness credibility. See State v. Fanning (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583; State v. Dunlap (1995), 73 Ohio St.3d 308, 314, 652 N.E.2d 988. Accordingly, a reviewing court must defer to a trial court's findings of fact if competent, credible evidence exists to support the trial court's findings. See Long, supra, at 332; State v. Medcalf (1996), 111 Ohio App.3d 142, 145, 675 N.E.2d 1268; Dunlap, supra. The reviewing court then must independently determine, without deference to the trial court, whether the trial court properly applied the substantive law to the facts of the case. See Long; State v. Williams (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141; State v. Venham (1994), 96 Ohio App.3d 649, 653, 645 N.E.2d 831; State v. Fields (Nov.29, 1999), Hocking App. No. 99 CA 11. See, generally, Ornelas v. United States (1996), 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911.

{¶ 11} The Fourth Amendment to the United States Constitution protects individuals against unreasonable governmental searches and seizures. See, e.g., Delaware v. Prouse (1979), 440 U.S. 648, 662, 99 S.Ct. 1391, 59 L.Ed.2d 660. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment-subject only to a few specifically established and well-delineated exceptions." Katz v. United States (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576.

{¶ 12} A traffic stop initiated by a law enforcement officer implicates the Fourth Amendment. Whren v. United States (1996), 517 U.S. 806, 809, 116 S.Ct. 1769, 135 L.Ed.2d

89; see, also, Brendlin v. California (2007), 551 U.S. 249, 255, 127 S.Ct. 2400, 168 L.E.2d 132.

A traffic stop must comply with the Fourth Amendment's general reasonableness requirement.

In Whren, the United States Supreme Court recognized that the Fourth Amendment's reasonable

requirement is fulfilled and a law enforcement officer may constitutionally stop a vehicle's driver

when the officer possesses probable cause to believe that the driver of the vehicle has committed

a traffic violation.   Id.   The court stated:

> "Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a seizure of 'persons' within the meaning of [the Fourth Amendment]. * * * An automobile stop is thus subject to the constitutional imperative that it not be 'unreasonable' under the circumstances.   As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. * * *."

Id. at 809-10 (citations omitted); see, also, Bowling Green v. Godwin, 110 Ohio St.3d 58,

2006-Ohio-3563, 850 N.E.2d 698, at ¶11; Dayton v. Erickson (1996), 76 Ohio St.3d 3, 11-12,

665 N.E.2d 1091.

{¶ 13} The Ohio Supreme Court has stated that "[p]robable cause is certainly a complete

justification for a traffic stop," but the court has "not held that probable cause is required."   State

v. Mays, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, at ¶23.   Instead, to justify a

traffic stop based upon less than probable cause, an officer must be able to articulate specific

facts that would warrant a person of reasonable caution to believe that the person has committed,

or is committing, a crime, including a minor traffic violation.   See Terry v. Ohio (1968), 392

U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889; see, also, Mays at ¶8; Chillicothe v. Frey, 156 Ohio

App.3d 296, 805 N.E.2d 551, 2004-Ohio-927, at ¶14; State v. Garrett, Adams App. No.

05CA802, 2005-Ohio-5155, at ¶10.   Reasonable suspicion sufficient to conduct a stop exists if

there is "at least a minimal level of objective justification for making the stop."[1] Illinois v. Wardlow (2008), 528 U.S. 119, 123, 120 S.Ct. 673, 145 L.Ed.2d 570. As we explained in State v. Emerick, Washington App. No. 06CA45, 2007-Ohio-4398, at ¶15:

> "A traffic stop may pass constitutional muster even where the state cannot convict the driver due to a failure in meeting the burden of proof or a technical difficulty in enforcing the underlying statute or ordinance. * * * The very purpose of an investigative stop is to determine whether criminal activity is afoot. This does not require scientific certainty of a violation nor does it invalidate a stop on the basis that the subsequent investigation reveals no illegal activity is present."

(Citations omitted).

{¶ 14} A court that must determine whether a law enforcement officer possessed a reasonable suspicion or probable cause to stop a vehicle must examine the "totality of the circumstances." See, e.g., United States v. Arvizu (2002), 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740. Moreover, the touchstone of a Fourth Amendment analysis is the reasonableness of the intrusion. See, e.g., Pennsylvania v. Mimms (1977), 434 U.S. 106, 108-109, 98 S.Ct. 330, 54 L.Ed.2d 331.

{¶ 15} In the case sub judice, we agree with the trial court's conclusion that Trooper

---

[1] As we observed in State v. Dunfee, Athens App. No. 02CA37, 2003-Ohio-5970:

> "Often enough, the Fourth Amendment has to be applied on the spur (and in the heat) of the moment, and the object in implementing its command of reasonableness is to draw standards sufficiently clear and simple to be applied with a fair prospect of surviving judicial second-guessing months and years after an arrest or search is made. Courts attempting to strike a reasonable Fourth Amendment balance thus credit the government's side with an essential interest in readily administrable rules. See New York v. Belton, 453 U.S. 454, 458, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) (Fourth Amendment rules "'ought to be expressed in terms that are readily applicable by the police in the context of the law enforcement activities in which they are necessarily engaged'" and not "'qualified by all sorts of ifs, ands, and buts'")."

Id. at fn.1, quoting Atwater v. Lago Vista (2001), 532 U.S. 318, 347, 121 S.Ct. 1536, 149 L.Ed.2d 549.

Knowlton possessed at the least a reasonable suspicion, if not probable cause, that appellant

violated R.C. 4511.34.   R.C. 4511.34 states: "The operator of a motor vehicle, streetcar, or

trackless trolley shall not follow another vehicle, streetcar, or trackless trolley more closely than

is reasonable and prudent, having due regard for the speed of such vehicle, streetcar, or trackless

trolley, and the traffic upon and the condition of the highway."   "An officer's direct observation

that a vehicle is following another vehicle too closely provides probable cause to initiate a lawful

traffic stop."   State v. Kelly, 188 Ohio App.3d 842, 2010-Ohio-3560, 937 N.E.2d 149, at ¶15,

citing State v. Perry, Preble App. No. CA2004-11-016, 2005-Ohio-6041, ¶12.

{¶ 16} In the case sub judice, Trooper Knowlton testified that he observed appellant

traveling at approximately 55 m.p.h. and that appellant's vehicle was less than one car length

behind the car in front of him.   The trooper further explained that the general rule is that for

every ten miles per hour, a driver should leave one car length between vehicles.   Thus, at

appellant's speed appellant should have left at least an approximate five car lengths between the

vehicles.   The evidence adduced at the hearing supports the conclusion that Trooper Knowlton

possessed at least reasonable suspicion that appellant violated R.C. 4511.34.   See Kelly at ¶18

(observing that "several Ohio courts and federal courts applying Ohio law have held that police

may use a general rule of one car length for every 10 m.p.h. the car is traveling as an indicator

that a driver has violated the statute"); see, also, State v. Stokes, Franklin App. No. 07AP-960,

2008-Ohio-5222, at ¶24 (noting that "[c]ourts throughout Ohio have relied on the one-car-length

rule to conclude that probable cause [and reasonable suspicion] existed to support a stop for

violating R.C. 4511.34"), citing State v. Meza, Lucas App. No. L-03-1223, 2005-Ohio-1221

(officer's use of the one-car-length rule and his estimate that defendant was traveling one and a

half car lengths behind a semi gave the officer probable cause to believe that a violation had

occurred and to make the stop); State v. Bell, Preble App. No. CA2001-06-009, 2002-Ohio-561

(holding that probable cause existed where officer testified that one-car-length rule was "the

customary standard used to determine a reasonable and prudent distance between vehicles" and

that defendant was traveling two and a half to three car lengths behind another vehicle at 65

m.p.h.); State v. Keller (Jan. 14, 2000), Montgomery App. No. 17896 (concluding that, once

officer observed individual "driving his rented car as close as one car length behind the tractor

trailer, he had probable cause to stop him for violating R.C. 4511.34"); United States v. Roberts

(S.D.Ohio 2005), 492 F.Supp.2d 771, 774 (concluding that officer had probable cause to believe

that individual violated R.C. 4511.34 by driving within one car length behind tractor trailer and

that "Ohio courts have concluded that probable cause to believe that a driver has violated

4511.34 exists under similar circumstances"); State v. Johnson, Medina App. No. 03CA0127-M,

2004-Ohio-3409 (concluding that reasonable suspicion existed where officer testified that

defendant was traveling within one car length of a semi at a speed of 60 to 65 m.p.h.).

{¶ 17} Therefore, based upon the clear weight of authority we reject appellant's argument

that the trooper's testimony did not provide him with at least reasonable suspicion to stop

appellant's vehicle. The officer testified that he observed appellant's vehicle traveling less than

one car length behind another vehicle at a speed of 55 m.p.h. This observation provided the

officer with a specific and articulable suspicion that appellant had violated R.C. 4511.34 in order

to justify a traffic stop. The trial court, therefore, properly overruled appellant's motion to

suppress evidence.

{¶ 18} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's

assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, P.J. & Kline, J.: Concur in Judgment & Opinion
For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.