[Cite as *State v. Bostock*, 2012-Ohio-3324.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 11CA23 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| TAYLOR BOSTOCK, | : | |
| | : | **RELEASED 07/19/12** |
| | | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

William R. Biddlestone, William R. Biddlestone Co., LPA, Athens, Ohio, for appellant.

Patrick J. Lang, Athens Law Director, and Tracy W. Meek, Athens City Prosecutor, Athens, Ohio, for appellee.
_____

Harsha, J.

{¶1}     Taylor Bostock appeals the trial court's decision denying his motion to suppress evidence in his OVI case.  He argues that the court erred by concluding that the officer had reasonable grounds to stop him and disputes the court's finding that he entered the intersection after the traffic light turned red.  However, the state presented competent, credible evidence to support the court's finding and because the officer personally observed Bostock run the red light, he had probable cause to believe Bostock had committed a minor traffic violation and was justified in stopping his vehicle. Accordingly, there is no error and we affirm the trial court's decision.

I. FACTS

{¶2}     In the early morning hours on the day in question, Officer Leo Carsey of the Ohio University Police stopped Taylor Bostock's vehicle for a red light violation.  After approaching the vehicle, Officer Carsey smelled a strong odor of alcohol and upon being

questioned, Bostock admitted that he had consumed alcohol that evening. Following a series of field sobriety tests, Carsey arrested Bostock and charged him with operating a vehicle under the influence (OVI) and failure to obey a traffic control device.

{¶3}   After pleading not guilty, Bostock filed a motion to suppress evidence claiming that Officer Carsey lacked probable cause to stop his vehicle. The trial court held a hearing and found that the officer had "reasonable grounds" for the traffic stop and denied the motion. Bostock subsequently pleaded no contest to OVI and the court found him guilty. This appeal followed.

## II. ASSIGNMENT OF ERROR

{¶4}   Bostock presents one assignment of error for our review:

{¶5}   "THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO SUPPRESS WHEN IT FOUND THAT THE OFFICER HAD PROBABLE CAUSE TO STOP THE DEFENDANT'S VEHICLE."

## III. MOTION TO SUPPRESS

{¶6}   Bostock argues that Officer Carsey's stop of his vehicle was unjustified because the officer lacked probable cause to believe he had committed a traffic violation. He claims that the state did not present competent, credible evidence that he passed through the intersection after the traffic light had turned red. After reviewing the transcript from the motion to suppress hearing we reject this argument.

### A. Standard of Review

{¶7}   Appellate review of a motion to suppress involves a mixed question of law and fact. *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, ¶ 100. When considering a motion to suppress, the trial court assumes the role of trier of fact and therefore is in the best position to resolve factual questions and evaluate witness

credibility. *Id.* As a result, appellate courts "'must accept the trial court's findings of fact if they are supported by competent, credible evidence.'" *Id.*, quoting *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accepting these facts as true, the appellate court must then independently decide, whether the facts of the case satisfy the applicable legal standard. *Roberts* at ¶ 100.

### B. Law and Analysis

**{¶8}** Bostock contends the stop of his vehicle was illegal because the arresting officer lacked probable cause to believe he committed a traffic offense. "The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution prohibit unreasonable searches and seizures, including unreasonable automobile stops." *Bowling Green v. Godwin*, 110 Ohio St.3d 58, 2006-Ohio-3563, 850 N.E.2d 698, ¶ 11. Generally, "'the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.'" *Id.*, quoting *Whren v. United States*, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). When a police officer stops a vehicle based on probable cause that a traffic violation has occurred, the stop is not unreasonable under the Fourth Amendment to the United States Constitution. *Godwin* at ¶ 11. *See also State v. Ward*, 4th Dist. No. 10CA30, 2011-Ohio-1261, ¶ 12. As a result, a police officer has probable cause and may justifiably stop a vehicle after personally observing a minor traffic offense. *Godwin* at ¶ 13. *See also State v. Lemaster*, 4th Dist. No. 11CA3236, 2012-Ohio-971, ¶ 10.

**{¶9}** However, an officer may legitimately stop a vehicle upon less than probable cause. An officer only needs a reasonable articulable suspicion that a driver may have committed a traffic offense in order to justify the stop. *See State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶¶ 7-8, citing U.S. Supreme Court automobile

search and seizure cases. To justify an investigative traffic stop, an officer must identify specific and articulable facts, which taken together with rational inferences from those facts, would lead a reasonable person to believe that criminal activity may be occurring. *See State v. Abernathy*, 4th Dist. No. 07CA3160, 2008-Ohio-2949, ¶¶ 22-24. Here, the State's evidence satisfies both the reasonable articulable suspicion and probable cause standards.

{¶10} Officer Carsey initially stopped Bostock for failure to obey a traffic control device in violation of R.C. 4511.12, which states "[n]o * * * driver of a vehicle * * * shall disobey the instructions of any traffic control device * * * unless at the time otherwise directed by a police officer." Following the hearing on Bostock's motion to suppress, the trial court found that "[a]lthough his testimony was disputed by defense witnesses, Patrolman Carsey observed that [Bostock's] vehicle entered the intersection after the light in [Bostock's] direction turned red." This finding is supported by competent, credible evidence in the form of Officer Carsey's testimony.

{¶11} At the hearing, Officer Carsey testified "[a]s I approached, uh, the intersection * * * I, um observed [Bostock's] silver vehicle * * * I, checked, I looked at his light and it was turning yellow. And I, I noticed the vehicle started to slow and, um, just as the vehicle approached the stop bar, the light turned red and then the silver vehicle proceeded through the intersection on that, on a red light." He also stated that as Bostock's automobile approached the intersection he looked up at the traffic light and "it was yellow as he, like I say, yeah, as he was approaching the light. And then, he, he started to slow like he was going, and actually stop and then the light turned red and then he proceeded through it."

**{¶12}** Furthermore, on cross-examination he again testified "I was paying attention to [Bostock's] light, cause when he started to slow down like he was going to stop, cause I saw he had the yellow light. The light turned red and then, by that time * * * he was going through the intersection." Therefore, after reviewing the record we find that the trial court's conclusion that Bostock entered the intersection after the traffic light turned red is supported by competent, credible evidence and we accept this finding as true. And because Officer Carsey personally observed Bostock run the red light he had probable cause to believe he had committed a minor traffic violation.

**{¶13}** Bostock points out that Officer Carsey was initially confused and admitted in his testimony that he "mixed up" the position of Bostock's car with another traffic stop from the night in question. Bostock claims that the officer's testimony was therefore not credible. However as we noted above, the trial court is in the best position to determine witness credibility. This is because "the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co. v. City of Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). "One of the primary reasons that we generally defer to a trial court when it acts as the fact finder is because of its superior position to assess witness credibility." *State v. Miller*, 4th Dist. No. 11CA3217, 2012-Ohio-1901, ¶ 25. Although Officer Carsey did confuse certain facts in this case, he did not change his testimony about Bostock's car entering the intersection after the traffic light turned red. For these reasons, we leave the issue of witness credibility to the trial court and defer to its finding of facts.

**{¶14}** Looking at the totality of the circumstances, we have no difficulty concluding Officer Carsey had both a reasonable articulable suspicion and probable cause to stop

Bostock's vehicle.  Accordingly, we overrule Bostock's sole assignment of error and

affirm the trial court's decision.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Kline, J.:  Concurs in Judgment and Opinion.
McFarland, J.:  Dissents.


For the Court


BY:  _____
     William H. Harsha, Judge


### **NOTICE TO COUNSEL**


**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**